NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VINCENTE LIMBO, | : | |
| | : | Civil No. 08-3450 (AET) |
| Plaintiff, | : | **ORDER** |
| v. | : | |
| AVELINO MARK VALONZO, JR., et al., | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

    This matter comes before the Court upon the Motion for Default Judgment [6] of Plaintiff Vincente Limbo, against Defendant Chedita Valonzo; and the Court having considered Plaintiff's unopposed submissions without oral argument pursuant to Fed. R. Civ. P. 78; and pursuant to Fed. R. Civ. 55; and

    IT APPEARING to the Court that Defendant was served with a copy of the summons and complaint on or about July 14, 2008; and it further

    APPEARING to the Court that the time to file an answer has expired; and it further

    APPEARING to the Court that Defendant has not answered the complaint or otherwise pleaded; and it further

    APPEARING to the Court that Plaintiff's attorney George Mahr has submitted a

Certification In Support of Default dated November 19, 2008, which provides that Defendant is an adult individual who is neither in the military nor an incompetent person; and it further

APPEARING to the Court that, on November 7, 2008, the Clerk entered default as to Defendant for failure to plead; and it further

APPEARING that "before granting a default judgment, the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Directv v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *3 (D.N.J. Mar. 14, 2006); and it further

APPEARING that the Court finds that Plaintiff has established a legitimate cause of action of breach of contract, fraud, misrepresentation, etc., and would be prejudiced if no default judgment were entered, and that Defendant has not answered or asserted any defense, meritorious or otherwise, see Livingston Powdered Metal, Inc. v. NLRB, 669 F.2d 133, 136 (3d Cir. 1982); and it further

APPEARING that although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages, see Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990); and for good cause shown,

IT IS on this 25th day of November, 2008,

ORDERED that Plaintiff Vincente Limbo's Motion for Default Judgment [6] is GRANTED against Chedita Valonzo; and it is further

ORDERED that the Plaintiff shall submit affidavits and supporting materials to this Court within twenty-one (21) days to address the issue of damages, costs, and attorney's fees, pursuant

to Fed. R. Civ. P. 55(b)(2); and it is further

      ORDERED that Plaintiffs shall serve a copy of this Order upon the Defendant named herein.

                                                                            s/ Anne E. Thompson
                                                                     ANNE E. THOMPSON, U.S.D.J.