UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **VICENTE LIMBO,** | : | Civil Action No.: 08-3450 (AET) |
| Plaintiff, | : | |
| v. | : | ORDER |
| **AVELINO MARK VALONZO, JR., et al.,** | : | |
| Defendants. | : | |

This matter having come before the Court on Motion by Plaintiff Vicente Limbo ("Plaintiff") to compel discovery from Defendants Avelino Mark Valonzo, Jr., Tatyana Yarkovskaya, and Chedita Valonzo (collectively, "Defendants") [dkt. entry no. 40], returnable October 3, 2011; and no opposition having been submitted; and Plaintiff noting that the Complaint was filed on July 11, 2008 (*see* dkt. entry no. 1), that the Court granted Plaintiff's motion for default judgment as to all Defendants in December 2008 (*see* dkt. entry nos. 9, 10, 11 & 19), and that default judgment as to all Defendants was vacated in September 2010 (*see* dkt. entry no. 27) (Pl.'s Br., dkt. entry no. 40-1 at 2); and Plaintiff stating that he served "Defendants' counsel...with...document requests" on February 28, 2011, that the Court held telephone status conferences on May 19, 2011 and June 29, 2011 during which Defendants' counsel acknowledged that "Plaintiff had already provided...[many] of the documents relevant to his claims during the course of obtaining [the] default judgment that...[was] later vacated", and that Defendants' counsel noted that Defendants had "provided written answers and objections to Plaintiff's documents requests" on July 7, 2011 (*Id.* at 2); and Plaintiff maintaining that despite telephone status conferences on July 12, 2011 and September 6, 2011, Defendants failed to "produce additional documents" as requested by Plaintiff and outlined in a

deficiency letter dated August 23, 2011 (*Id*. at 3); and Plaintiff contending that to date, Defendants' deficient discovery responses remain unchanged and uncured (*Id*.); and Plaintiff, citing FED. R. CIV. P. 26(b)(1), *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000), *Hickman v. Taylor*, 329 U.S. 495, 507 (1947), *Scouler v. Craig*, 116 F.R.D. 494, 496 (D.N.J. 1987), *Tele-Radio Systems, Ltd. v. DeForest Electronics, Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981), argues that "the scope and time period of the documents and information requested in [his] August 23, 2011 deficiency letter...are relevant and reasonably calculated to lead to admissible evidence", that Defendants retain "the burden of clarifying and explaining [their] objections", and that most of Defendants' existing discovery responses are "substantially incomplete and/or non-responsive" (*Id*. at 3-4); and Plaintiff requesting that the Court "(a) grant [his] motion to compel discovery...as set forth in [his] deficiency letter..., (b) set a date certain for Defendants to cure their document production deficiencies, and (c) provide relief to Plaintiff in the event Defendants continue to fail to...produce documents ordered by the Court...including sanctions, striking [Defendants'] Answer, Affirmative Defenses and Counterclaim with prejudice, and reasonable attorneys' fees incurred as a result of [Defendants'] misconduct" (*Id*. at 5); and the Court noting that pursuant to FED. R. CIV. P. 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter" and "the court may order discovery of any matter relevant to the subject matter involved in the action", although "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence"; and the Court noting that pursuant to FED. R. CIV. P. 34(a), "[a] party may serve on any other party a request

within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form[,] or (B) any designated tangible things..."; and the Court noting that "[i]n the context of FED. R. CIV. P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control" (*Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004); *see also Poole v. Textron*, 192 F.R.D. 494, 501 (D. Md. 2000); *Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140 (3d Cir. 1988)); and the Court noting that "[t]he party resisting discovery has the burden of clarifying and explaining its objections and to provide support therefor" (*Tele-Radio Systems, Ltd. v. De Forest Electronics, Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981); *see also Gulf Oil Corp. v. Schlesinger*, 465 F. Supp. 913, 916-17 (E.D. Pa. 1979); *Robinson v. Magovern*, 83 F.R.D. 79, 85 (E.D. Pa. 1979)); and the Court noting that Plaintiff served a request for the production of documents on February 28, 2011 (*see* Pl.'s Cert. of George L. Mahr III ("Mahr"), dkt. entry no. 40-1 at Ex. A); and the Court noting that Defendants responded to Plaintiff's request for the production of documents on July 7, 2011 (*Id*. at Ex. B); and the Court noting that Plaintiff sent Defendants a deficiency letter relating to their document production on August 23, 2011 (*Id*. at Ex. C); and the Court, having reviewed Plaintiff's request for production, Defendants' responses, and Plaintiff's deficiency letter, finds that Plaintiff's requests are both reasonable and relevant (*see* FED. R. CIV. P. 26(b)(1)) and that Defendants' responses are deficient; and with respect to requests 3-4,

7-8, 11-12, and 14-20 (*see* Pl.'s Cert. of Mahr at Ex. A), although the Court acknowledges Defendants' repeated response that they are not in possession of any such documents (*Id.* at Ex. B), the Court finds that Defendants have an obligation to obtain and produce any/all relevant and responsive documents which are within their control (*see Mercy Catholic*, 380 F.3d at 160; *see also* FED. R. CIV. P. 34(a)) as set forth in Plaintiff's deficiency letter (*Id.* at Ex. C) and directs Defendants to do so – including by way of third-party discovery if necessary – by **November 4, 2011**; and with respect to requests 5-6 (*see* Pl.'s Cert. of Mahr at Ex. A), although the Court acknowledges Defendants' responses (*Id.* at Ex. B), the Court finds that Defendants have an obligation to obtain and produce any/all relevant and responsive documents which are within their control (*see Mercy Catholic*, 380 F.3d at 160; *see also* FED. R. CIV. P. 34(a)) as set forth in Plaintiff's deficiency letter and directs Defendants to do so (*Id.* at Ex. C) – including by way of third-party discovery if necessary – by **November 4, 2011**; and with respect to request 9 (*see* Pl.'s Cert. of Mahr at Ex. A), although the Court acknowledges Defendants' response (*Id.* at Ex. B), the Court finds that Defendants have an obligation to obtain and produce any/all relevant and responsive documents which are within their control (*see Mercy Catholic*, 380 F.3d at 160; *see also* FED. R. CIV. P. 34(a)) as set forth in Plaintiff's deficiency letter and directs Defendants to do so (*Id.* at Ex. C) – including by way of third-party discovery if necessary – by **November 4, 2011**; and with respect to request 10 (*see* Pl.'s Cert. of Mahr at Ex. A), although the Court acknowledges Defendants' response (*Id.* at Ex. B), the Court finds Defendants' production to be deficient as it fails to include copies of tax returns for Chedita Valonzo (*see Mercy Catholic*, 380 F.3d at 160; FED. R. CIV. P. 34(a)) and therefore directs Defendants to cure their response as requested in Plaintiff's deficiency letter (*Id.* at Ex. C) – including by way of third-party discovery if necessary – by **November 4, 2011**; and with respect

to request 13 (*see* Pl.'s Cert. of Mahr at Ex. A), although the Court acknowledges Defendants' response (*Id*. at Ex. B), the Court finds that Defendants have an obligation to obtain and produce any/all relevant and responsive documents which are within their control (*see Mercy Catholic*, 380 F.3d at 160; *see also* FED. R. CIV. P. 34(a)) as set forth in Plaintiff's deficiency letter and directs Defendants to do so (*Id*. at Ex. C) – including by way of third-party discovery if necessary – by **November 4, 2011**; and the Court finding that the additional relief requested by Plaintiff is premature and therefore denies same without prejudice; and the Court having reviewed Plaintiff's written submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and for the reasons stated above;

    **IT IS** on this 23rd day of September, 2011,

    **ORDERED** that Plaintiff's Motion to compel discovery from Defendants [dkt. entry no. 40] is **GRANTED** as set forth above.

                                    s/ *Douglas E. Arpert*
                                    **DOUGLAS E. ARPERT**
                                    **UNITED STATES MAGISTRATE JUDGE**